**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0938-22

CHRISTOPHER BARNES,

    Plaintiff-Appellant,

v.

BRIEANNE DYAS,

    Defendant-Respondent.

_____

Submitted April 23, 2024 – Decided May 8, 2024

Before Judges Gooden Brown and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0866-20.

SDN Legal Services, LLC, attorneys for appellant (Jasmine N. Story, on the brief).

Marybeth Hershkowitz, attorney for respondent Brieanne Dyas.

Law Office of Edward Fradkin, LLC, attorney for intervenor-respondent Elise Landry (Edward P. Fradkin, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from an August 23, 2022 Family Part order, which the trial court entered following a multi-day trial. On appeal, plaintiff argues that the court erred by: (1) designating defendant the parent of primary residence for the parties' four-year-old daughter; (2) ordering plaintiff to attend an anger management class; (3) modifying the parties' previous parenting time schedules: (4) ordering plaintiff to permit the child to attend her daycare program during a portion of plaintiff's parenting time; (5) allowing defendant to enroll the child in a pre-K program in the school district where defendant resides; (6) considering the "brief focused assessment" report prepared by the joint expert; (7) denying plaintiff's request to be reimbursed for fees paid to the expert and to a parenting coordinator; (8) requiring plaintiff to pay $2,357.50 in counsel fees to the expert's attorney after the expert successfully moved to quash a subpoena plaintiff served upon her; and (9) hyphenating the child's last name to include both parties' surnames.

After reading the trial transcripts, reviewing the exhibits provided to us, and considering the arguments of counsel, we affirm substantially for the reasons stated by the trial court in its comprehensive written decision issued on August 23, 2022. We add the following brief comments.

A-0938-22

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We owe no deference to the trial court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). However, we will not interfere with "'the factual findings and legal conclusions of the trial [court] unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (second alteration in original) (quoting Cesare, 154 N.J. at 412). We will reverse the Family Part's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of

justice." <u>N.J. Div. of Youth & Family Servs. v. E.P.</u>, 196 N.J. 88, 104 (2008) (quoting <u>N.J. Div. of Youth & Family Servs. v. G.L.</u>, 191 N.J. 596, 605 (2007)).

Applying these principles, plaintiff's arguments concerning the August 23, 2022 decision reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the trial court. The record amply supports the court's factual findings and, in light of those findings, its legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0938-22